<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |
|---|
| JOSHUA BEJARANO, |
| *Plaintiff,* |
| v. |
| BLUEVINE, |
| *Defendant.* |

Civil Action No. 26-2736

**OPINION AND ORDER**

July 7, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiff Joshua Bejarano's ("Plaintiff") filing of a complaint (ECF 1, "Complaint") and an application to proceed *in forma pauperis* (ECF 3-2).). Having reviewed Plaintiff's application, the Court has decided this matter upon submission, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's IFP application is **DENIED**.

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis* ("IFP")—so long as the plaintiff demonstrates that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1); and

**WHEREAS** a "District Court has discretion to determine whether to grant IFP" applications. *In re Kellam*, 628 F. App'x 85, 85 (3d Cir. 2016) (citing *United States v. Holiday*, 436 F.2d 1079, 1079 (3d Cir. 1971)); and

1

**WHEREAS** this Court has denied IFP applications where plaintiffs provide inconsistent information.  *See Devivo v. O'Hearn*, No. 25-16057, 2025 WL 2977823, at *2 (D.N.J. Oct. 22, 2025) (denying a plaintiff's IFP application where a significant portion was "internally inconsistent," because, for example, the plaintiff listed $1,200 in mortgage payments, $250 in monthly food expenses, and $300 in monthly transportation expenses, yet also wrote that they paid "0$" in total monthly expenses); *Izzo v. Somerset Cnty. Prosecutor's Off.*, No. 25-2136, 2025 WL 1043435, at *3 (D.N.J. April 8, 2025) (denying a plaintiff's inconsistent IFP application, where, for example he listed a short period of employment with Uber in one section while indicating a lack of employment history in another); *Johnson-El v. Olivia*, No. 24-9460, 2024 WL 5107362, at *2 (D.N.J. Dec. 13, 2024) (denying a plaintiff's inconsistent IFP application where he claimed his average monthly income was $20,000 and total monthly income was $3,600 during the same time period); and

**WHEREAS** Plaintiff's IFP Application contained several inconsistences.  For example, Plaintiff lists a monthly employment income of $2,500.00, (ECF 3-2 at 1-2), but lists "N/A" for his employer's name, address, and dates of employment.  (*Id.* at 2).  Plaintiff also subsequently lists total monthly income and total monthly expenses as $0.00, (*id.* at 2, 5), even after indicating he had a source of monthly income, (*id.* at 1-2), and multiple monthly expenses, (*id.* at 4); and

**WHEREAS** this Court has also denied incomplete IFP applications on the basis that they do not provide courts with enough information to be properly evaluated.  *See Devivo*, 2025 WL 2977823, at *2 (denying a plaintiff's IFP application in part because a "significant portion" was "left blank," including the motor vehicle, clothing, laundry, medical recreation, insurance, and taxes sections); *Dejesus v. Davis*, No. 24-00975, 2024 WL 4366854 (D.N.J. Oct. 1, 2024) (denying a plaintiff's IFP application where "[s]ome of the fields were left blank and others were listed as "none"); and finally

**WHEREAS** Plaintiff left numerous questions blank throughout his IFP application.  More precisely, other than entries for employment income, (ECF 3-2 at 1-2), home value, (*id.* at 3), debt owed, (*id.*), mortgage payments, (*id.* at 4), motor vehicle value, (*id.*) and monthly food, clothing, and transportation costs, (*id.*), all other portions of the application are blank.

**IT IS** on this 7th day of July 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 3-2) is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may file either (1) an updated IFP application correcting the deficiencies the Court notes above or (2) the $405 fee (which includes a $350 filing fee and a $55 administrative fee) within thirty (30) days of the date of entry of this Order; and it is finally

**ORDERED** that the Clerk of Court is directed to mail a copy of this Order and a blank IFP application to Plaintiff by certified mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

3